**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2836-15T4

JAMCO HEATING & AIR
CONDITIONING, INC.,

    Plaintiff-Appellant,

v.

MASSIMO PROCACCINI, d/b/a
MASSIMO PROCACCINI —
RENOVATOR AND CUSTOM
BUILDER,[1]

    Defendant-Respondent.

_____

        Argued March 23, 2017 — Decided May 15, 2017

        Before Judges O'Connor and Whipple.

        On appeal from Superior Court of New Jersey,
        Law Division, Camden County, Docket No. DC-
        7500-15.

        Jo-Leo W. Carney-Waterton argued the cause for
        appellant.

        Respondent has not filed a brief.

PER CURIAM

_____

[1]  Defendant is improperly pled.  Defendant is properly known as
Massimo Procaccini General Contractor, L.L.C.

Plaintiff JAMCO Heating & Air Conditioning, Inc. appeals from a February 19, 2016 Law Division order denying its motion to vacate the court's previous order that dismissed the complaint with prejudice. We affirm.

We discern the following facts from the record on appeal. On June 8, 2015, plaintiff, a heating, ventilation, air conditioning and refrigeration (HVACR) contractor filed a complaint for breach of contract against defendant Massimo Procaccini General Contractor, L.L.C. According to the allegations in the complaint, plaintiff entered into an agreement with defendant to perform HVACR work. Under the contract, plaintiff was to receive three payments over the course of the project, totaling $17,575.

On April 11, 2014, defendant paid plaintiff $8878 for completion of the first phase. After completion of the second phase, defendant paid plaintiff $5273. On August 12, 2014, plaintiff billed defendant for the final payment of $3514; however, defendant only remitted a partial payment of $2000, leaving a balance of $1514.

Plaintiff filed suit seeking the amount owed plus an additional late payment as set forth in the contract of 1.5% per each month the bill was unpaid, for a total demand of $1718.39. Following the October 26, 2015 bench trial, the court entered

judgment in defendant's favor and dismissed plaintiff's complaint with prejudice.

On January 11, 2016, plaintiff moved to vacate the entry of judgment under Rule 4:50-1, presenting the court with a letter from a Deputy Attorney General, serving as counsel to the New Jersey State Board of Examiners of Heating, Ventilating, Air Conditioning and Refrigeration Contractors (the Board), that explained the licensing requirements for HVACR contractors. The trial judge denied the motion, stating the following:

> A bench trial was heard by this court on October 16, 2015, and the Court dismissed plaintiff's claim with prejudice. Plaintiff files present motion to vacate the final order of judgement by the court after the October 16, 2015 trial.
>
> The plaintiff contends that the contract between it and the defendant was legally binding at the time of its signing. The issue is whether an HVACR repairman held a valid license to conduct business after March 1, 2014, if that repairman had not received a license pursuant to N.J.S.A. 45:16A-1. Plaintiff further stated that the court affirmed defendant's interpretation of the statute, and, in effect, has endorsed the purported legislative intent to deprive thousands of men and women of their livelihood for the sake of bureaucratic compliance.
>
> Plaintiff further asserts that the HVACR Board of Examiners has determined that HVACR repairmen that possessed a home improvement contractor's license, were eligible for waiver from the education and examination requirements of the statute and submitted an

application during the six-month grandfather period were legally permitted to work as an HVACR repairman until such time as they received their license from the Board.

Plaintiff's representative, Mike Green, Sr., possessed one of these licenses and was eligible for waiver of the new license, because he had served as a contractor for at least two years prior to March 1, 2014. Thus, he was legally permitted according to the plaintiff to ply his trade on behalf of the plaintiff, to the benefit of the defendant, until he received his new licensing from the Board.

Now I think we've cleared it up that this case is brought -- or this motion is brought pursuant to Rule 4:50-1. Pursuant to that rule, on motion, with briefs and upon such terms as are just, the [c]ourt may relieve a party or the party's legal representative from a final judgment or order for the following reasons: mistake, inadvertent surprise; or excusable neglect; newly discovered evidence, which would probably alter the judgment or order and which, by due diligence could not have been discovered in time for a new trial under Rule 4:49; fraud; misrepresentation or other misconduct; the judgment or order is void; the judgment or order has been satisfied; or any other reason justifying relief from the operation of the judgment or order.

The court finds there is no newly discovered evidence in this case that would not have been discovered in time for a new trial, which may have provided relief pursuant to Rule 4:50-1. Plaintiff simply argues that the true legislative intent was not followed by the court and provides as evidence the opinion of a Deputy Attorney General. While the Court appreciates the opinion of the DAG, it merely states the opinion of a lawyer and

is, in no way, indisputable evidence of legislative intent.

The Court, therefore, will deny the motion and hold that Rule 4:50-1(f) does not justify relief from the operation or order of judgment.

. . . .

This is simply a dispute over the interpretation of a statute, not an injustice, so if you think I've gotten it wrong, you should have taken it up much earlier than you did.

On appeal, plaintiff argues the evidence presented in support of the motion to vacate was not an opinion letter but represents an articulation of the Board's interpretation of N.J.S.A. 45:16A-1 to -28, and deserves deference. Plaintiff contends the court's interpretation of the applicable statutes denies his client due process. We disagree.

The trial judge decided this motion on the basis of Rule 4:50-1(b) and (f). Plaintiff argues the trial judge's legal conclusions dismissing the complaint were flawed, and the judge erred denying his motion to vacate the judgment and to present new evidence. We note at the outset, plaintiff has not provided the record of the trial proceedings; therefore, we do not know the legal basis for the trial court's determination beyond what we discern from the judge's ruling on the motion. Moreover, we have

been provided with an incomplete record of plaintiff's motion to vacate the judgment.  See Rule 2:5-4(a).

A party seeking to vacate a final judgment must meet the standards of Rule 4:50-1.  U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012).  Rule 4:50-1 provides six grounds for relief:

> (a) mistake, inadvertence, surprise, or excusable neglect; (b) newly discovered evidence which would probably alter the judgment or order and which by due diligence could not have been discovered in time to move for a new trial under R. 4:49; (c) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (d) the judgment or order is void; (e) the judgment or order has been satisfied, released or discharged, or a prior judgment or order upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or order should have prospective application; or (f) any other reason justifying relief from the operation of the judgment or order.

"The rule is 'designed to reconcile the strong interests in finality of judgments and judicial efficiency with the equitable notion that courts should have authority to avoid an unjust result in any given case.'"  Guillaume, supra, 209 N.J. at 467 (quoting Mancini v. EDS, 132 N.J. 330, 334 (1993)).

We afford "substantial deference" to a judge's determination to grant relief under Rule 4:50-1 and reverse only if the court's determination amounts to a clear abuse of discretion.  Ibid.

(citing DEG, LLC v. Twp. of Fairfield, 198 N.J. 242, 261 (2009); Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)). An abuse of discretion occurs when a decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

Here, plaintiff does not explicitly identify what subsection of Rule 4:50-1 it relied on, but the trial court discussed subsections (b) and (f). To prevail under Rule 4:50-1(b), plaintiff must demonstrate "that the evidence would probably have changed the result, that it was unobtainable by the exercise of due diligence for use at the trial, and that the evidence was not merely cumulative." DEG, LLC, supra, 198 N.J. at 264 (quoting Quick Chek Food Stores v. Twp. of Springfield, 83 N.J. 438, 445 (1980)). Further, "[a]ll three [of these] requirements must be met"; it is insufficient to prove only one or two prongs of the test. Ibid. Finally, "'newly discovered evidence' does not include an attempt to remedy a belated realization of the inaccuracy of an adversary's proofs." Ibid. (quoting Posta v. Chung-Loy, 306 N.J. Super. 182, 206 (App. Div. 1997)). "The motion shall be made within a reasonable time, and for reasons (a), (b)

and (c) of R. 4:50-1 not more than one year after the judgment, order or proceeding was entered or taken." R. 4:50-2.

Rule 4:50-1(f) permits relief for "any other reason justifying relief from the operation of the judgment or order" and "is available only when 'truly exceptional circumstances are present.'" Guillaume, supra, 209 N.J. at 484 (quoting Hous. Auth. of Morristown, supra, 135 N.J. at 286). We are not persuaded plaintiff has demonstrated entitlement to relief under either standard based upon the record presented, nor do we discern an abuse of the trial judge's discretion. Plaintiff's additional arguments are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2836-15T4